IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE D. WATSON,          : | | |
|     Petitioner                          : | No. 3:15-cv-00408 | |
|                                                   : | | |
| v.                                               : | (Judge Kane) | |
|                                                   : | | |
| DAVID J. EBBERT,              : | (Magistrate Judge Saporito) | |
|     Respondent                      : | | |

## ORDER

Before the Court is the March 9, 2017 Report and Recommendation of Magistrate Judge Saporito, in which he recommends dismissing as moot Petitioner Tyrone D. Watson's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] (Doc. No. 7.) No timely objections have been filed.[2] **ACCORDINGLY**, on this 24th day of March 2017, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court adopts the Report and Recommendation of Magistrate Judge Saporito (Doc. No. 7);

2. The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is **DISMISSED AS MOOT**; and

3. The Clerk of Court is directed to **CLOSE** this case.

                                                                        s/ Yvette Kane
                                                                        Yvette Kane, District Judge
                                                                        United States District Court
                                                                        Middle District of Pennsylvania

---

[1] Petitioner filed his § 2241 petition on February 26, 2015, challenging the Bureau of Prison's computation of his federal sentence. On January 30, 2017, Petitioner was resentenced by the United States District Court for the Eastern District of Pennsylvania to time served. Consequently, on January 31, 2017, Petitioner was released from the Bureau of Prison's custody, thereby effectively rendering his petition moot, as Petitioner was provided with the relief he sought.

[2] The docket reveals that the Report and Recommendation, mailed to Petitioner's last known address at the United States Penitentiary at Lewisburg, Pennsylvania, was returned as undeliverable due to Petitioner's release from prison. (Doc. No. 8.) Petitioner was required to maintain a current address on file with the clerk of court pursuant to Local Rule 83.18. The Court construes Petitioner's failure to maintain a current address with the court as reflecting an intention to forgo litigating this matter by filing objections to the Report and Recommendation.